1817.

*Lancaster.*        **SWEITZER** *against* **HUMMEL** executor of **TOOT**.

*Monday,*                          IN ERROR.
May 26.

When the
seller of land
covenants, that
upon payment          ERROR to the Common Pleas of *Dauphin* county.
of the pur-
chase money     *Frederick Hummel*, executor of *George Toot*, deceased,
he will convey  brought an action of covenant against *T. Sweitzer*, on ar-
a good title to ticles of agreement by which the said *Sweitzer*, and a cer-
the purchaser,  tain *Samuel Howard*, deceased, agreed to sell and convey a
(without any    tract of land in *Virginia*, to *G. Toot*, deceased. The purchase
mention of
such convey-    money was paid by *Toot* in his life time, and the breach of
ance as the     covenant assigned, was the not executing a conveyance to
purchaser
shall devise,)  him.    Several exceptions were taken by the defendant's
he must pre-    counsel to the charge delivered by the Court.    The *first*
pare and ten-
der the deed    was, that the jury were told, " that it was not necessary for
of conveyance.  " the plaintiff to tender to the defendant a conveyance, or to
Query, who      " point out to the defendant the covenants to be inserted in
is to pay the
expense of      " the conveyance."    It appeared by the articles of agree-
such deed       ment, that the defendants were to convey to *Toot*, either
where the ar-
ticles of agree- of two tracts of *unimproved* land, described in the articles
ment are si-    which he should choose, *by such conveyances as should be*
lent.
Where a         *devised by him and at his expense.*    *Toot* was to have time
purchaser has   to go to *Virginia* in order to view the lands, and in case he
an election
among several   did not like either of these tracts, and should choose in pre-
tracts of land, ference to them, another tract of improved land described in
such election
and notice of   the articles, on which was erected a mill, &c. the said
it need not be  *Sweitzer* and *Howard,* bound themselves *to execute to him a*
in writing;
but may be by   *good and sufficient title of conveyance for the said mill tract,*
parol.          *&c.*    *Toot* went to *Virginia*, viewed the lands and chose the
Questions
proposed by     mill tract.    Notice of the election of the mill tract was given
counsel to the
Court should    to the defendant, who did not require any conveyance to be
be confined to  prepared by *Toot*, but promised to come to *Middletown*, in
matters of law;
and if facts are *Lancaster* county, where *Toot* lived, and make him a title ;
introduced, it  but this he failed to do.
should be hy-
pothetically,       The *second* exception taken to the charge was, that the
leaving it to
the jury to     Judge instructed the jury, that " it was not necessary that
decide them.    " the plaintiff should have declared his selection of the mill
                " tract *in writing.*"

The *third* exception was, that the defendant's counsel had requested the Judge below to charge the jury, that the plaintiff in " his declaration having averred, that he had viewed " the several tracts, and after such view made his choice, it " must be proved, and the plaintiff having totally failed in " such proof, cannot recover." Whereas, the Judge charged the jury, that " it is not the province of the Court to say " whether a party has totally failed or not in the proof of " particular facts. The Court cannot decide this point as " here stated, without deciding facts. Nevertheless, we may " state, that the plaintiff selected the mill tract after visiting " it. More was not necessary."

Two other exceptions were taken to the charge, but were relinquished on the argument in this Court.

*Fisher*, for the plaintiff in error.

1. The plaintiff ought to have tendered a conveyance, or mentioned what kind of a conveyance he wanted, and tendered the expenses of it. It is well settled, that the purchaser is bound to prepare and tender a conveyance. *Sugden on Vendors*, 162, 163, and though the point has never been decided in *Pennsylvania*, there is no reason why the law should be different from what it is in *England*, as laid down by *Sugden*. The practice here has always been, that the purchaser should have the deed prepared at his own expense.

2. The selection of the mill tract by the plaintiff ought to have been made in writing. The act of assembly for the prevention of frauds and perjuries, 21st *March*, 1772, is meant to prevent any charge or claim on contracts for lands, unless they are evidenced by written documents.

3. The Court ought to have told the jury, that it was necessary for him to prove the averments in his declaration, that he had viewed the unimproved tracts.

*Elder* and *Hopkins*, contra.

1. Whatever may be the general rule, it must yield to the contract of the parties. Here it was expressly stipulated as to the mill tract, that the defendant would execute a good and sufficient conveyance, in case the plaintiff selected it. But, even when the purchaser is to prepare the deed, the seller should render to him an abstract of the title; for without this it is impossible to draft the deed. *Sugden*, 260.

2. The Court stopped the counsel on this point.

3. The Court below were not bound to answer this question, as it was a question of fact; but they did answer it by saying proof had been made. That the mill tract had been selected, and that the defendant had notice of it, appears by his promising to make a title.

TILGHMAN C. J. (After stating the case.) We are not informed of the reason why the agreement was, that, in one case, the defendant should execute such conveyance as *Toot* should devise and prepare, at his own expense; and, in another case, the defendant took upon himself to make a good conveyance; but so it is, and the parties had a right to make what agreement they pleased. The question then is, what is to be done, when the seller of a tract of land covenants, that, upon payment of the purchase money, he will convey a good title to the purchaser? Who, in this case, is to prepare the deed of conveyance? It would seem, that the seller, having agreed to convey, should prepare the deed of conveyance; for this is the substance of the agreement. It is most convenient, likewise, and more agreeable to the natural order of things, that this should be done by the seller; because the title deeds are in his possession, and without them a conveyance cannot be drawn. *Sugden's Law of Vendors and Purchasers*, 162, 163, was cited by the defendant's counsel to shew, that in *England*, the conveyance is to be prepared and tendered by the purchaser. But *Sugden* founds his opinion on the modern practice of conveyances in *England*, and confesses, that formerly the conveyance was prepared by the seller. The change which has taken place in the practice, he attributes to the difficulties which surround titles of land, since the introduction of the mode of conveying founded on the statute of uses; but, even now, it is incumbent on the seller to furnish an abstract of all the title papers, to be submitted to the purchaser's counsel. *Sugden* confesses, also, that, by some *recent dicta of eminent judges*, it is incumbent on the *seller* to prepare and tender a conveyance. It is evident, however, that what may be a very convenient practice in *England*, may be very inconvenient *here*. We have not yet introduced, and it is unnecessary that we should introduce, the intricacies and expenses of *English* conveyancing, which have been much increased by the universal practice

of marriage settlements. In the present situation of the 1817.
country, there is no difficulty in preparing a deed of convey-
ance, and, therefore, no pretence for dispensing with what
appears to be the plain meaning of the parties; that is to say,
that when the seller covenants, that he will convey the title
to the purchaser, (without any mention of such conveyance
as the purchaser shall devise, &c.) he shall himself prepare
and tender the deed of conveyance. Great regard is due to
custom, when it is well established. Whether or not it is the
custom among us, that the purchaser shall pay the expense
of drawing the deed, (the articles of agreement being silent
on that point,) I will not affirm, nor is it necessary now to
decide it; because, if the purchaser is to pay it, the deed
must first be drawn, and he must have notice of the cost.
But, in this case, there was no deed drawn. I am, there-
fore, of opinion, that the charge was right. It was not in-
cumbent on the plaintiff, under the agreement and circum-
stances of the case, to tender a deed, or the expense of it,
or to point out the covenants it should contain.

The second exception to the charge is, that the jury were
instructed, " that it was not necessary for *G. Toot*, to make
" his election of the mill tract, *in writing*." This exception
is founded on the act for prevention of frauds and perjuries,
(21st *March*, 1772,) by which it is enacted, that parol con-
tracts for the conveyance of lands, shall have the force and
effect of leases at will only, and shall not be taken, either on
law or equity, to have any other, or greater force, or effect.
I confess, I cannot perceive what bearing this act has on the
case. The election of the mill tract, passed no estate; it
was but notice to the defendant what estate he was to con-
vey. This notice might as well be given by parol, as in
writing; because the estate was to pass by the written con-
veyance, to be executed in consequence of the notice. In
this action, the plaintiff does not claim the land agreed to be
conveyed, but damages for not conveying according to the
agreement. It appears to me, therefore, that there was no
necessity to make the election, or to give notice of it, *in
writing*.

The third exception is founded on the following proposi-
tion, submitted by the defendant's counsel to the Court be-
low; " the plaintiff in his declaration, having averred, that

" he had viewed the several tracts, and after such view made " his choice, it must be proved; and the plaintiff having to- " tally failed in such proof, cannot recover." To this the president of the Court answered, " it is not the province of " the Court to say, whether a party has totally failed in the " proof of particular facts. The Court cannot decide this " point, as here stated, without deciding facts; nevertheless, " we may state that the plaintiff selected the mill tract, after " visiting it. More was not necessary."

This question was improperly put to the Court. They were called on to say, that the plaintiff could not recover, because he had *totally failed in his proof;* and that was calling on them to decide facts. However, as they were called on, they answered, that, in their opinion, the plaintiff had not failed; and I think the defendant has no right to complain of the answer. Questions proposed by counsel, should be confined to matter of law, and, if facts are introduced, it should be hypothetically, leaving it to the jury to decide them.

There were two other exceptions to the charge of the Court, but they have both been relinquished. I am, therefore, of opinion, that the judgment should be affirmed.

GIBSON J. concurred.

DUNCAN J. gave no opinion; having been counsel for the plaintiff in error.

Judgment affirmed.